UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

IN RE AIR CRASH NEAR CASTELLON,
SPAIN, ON OCTOBER 10, 2001

---

JACQUELINE A. VAN SLYKE, Individually,
on her own behalf as surviving spouse of
JAMES E. VAN SLYKE, as Administratrix of
the ESTATE OF JAMES E. VAN SLYKE, and
on behalf of all interested beneficiaries,
including CHRISTOPHER VAN SLYKE,
LAURENCE VAN SLYKE and NICOLE VAN
SLYKE,
                Plaintiffs,
v.

VIAJES FLIGHTLINE, S.L., FLIGHTLINE,
LTD., FLIGHTLINE INTERNATIONAL,
LTD., FLIGHTLINE INTERNATIONAL, S.L.,
foreign corporations, AFROSPANIA AIR LINK,
LTD., a foreign corporation, AFROSPANIA
LOGISTICS, INC., a Texas corporation, and
ROBERT LOVELESS,
                Defendants.

---

MDL DOCKET NO. 1572

Hon. Warren W. Eginton
Hon. Holly B. Fitzsimmons

THIS DOCUMENT RELATES
Case No. 3:02cv2274 (WWE)

**NOTICE OF FILING ORDER
APPROVING WRONGFUL
DEATH SETTLEMENT**

---

PLEASE TAKE NOTICE that the attached is a copy of the Order Approving Wrongful Death Settlement issued in the Circuit Court for the City of Norfolk, Virginia.

Dated: November 22, 2004

CONDON & FORSYTH LLP

By _____
Diane Westwood Wilson
685 Third Avenue
New York, New York 10017
(212) 490-9100
Attorneys for Defendant FLIGHTLINE, S.L.,
improperly sued herein as VIAJES
FLIGHTLINE, S.L., FLIGHTLINE, LTD.,
FLIGHTLINE INTERNATIONAL, LTD.
and FLIGHTLINE INTERNATIONAL, S.L.

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

IN THE MATTER OF:

JACQUELINE A. VAN SLYKE, Individually,
on her own behalf as surviving spouse of JAMES
E. VAN SLYKE, as Administratrix of the ESTATE            AT LAW No. CL04-1807
JAMES E. VAN SLYKE, and on behalf of all
interested beneficiaries including CHRISTOPHER
VAN SLYKE, LAURENCE VAN SLYKE and
NICOLE VAN SLYKE.
        Petitioner

v.

FLIGHTLINE, S.L., BUCANAIR, S.L., and MUSINI,
SOCIEDAD ANÓNIMA DE SEGUROS Y REASEGUROS
        Respondents.

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT

On this day, it appearing to the Court that:

    1)    all parties interested and required by law to be convened have been convened;

    2)    JAMES E. VAN SLYKE died on or about October 10, 2001 in a plane crash while a passenger aboard an passenger aircraft;

    3)    Petitioner qualified as Administrator of the Estate of James E. Van Slyke, in the Circuit Court for the City of Virginia Beach;

    4)    a civil action is presently pending in the United States District Court in Connecticut under the style of JACQUELINE A. VAN SLYKE, Individually, on her own behalf as surviving spouse of JAMES E. VAN SLYKE, as Administratrix of the ESTATEOF JAMES E. VAN SLYKE, and on behalf of all interested beneficiaries including CHRISTOPHER VAN SLYKE, LAURENCE VAN SLYKE and NICOLE VAN SLYKE v. VIAJES FLIGHTLINE, S.L., FLIGHTLINE, LTD., FLIGHTLINE INTERNATIONAL, LTD., FLIGHTLINE INTERNATIONAL, S.L., foreign corporations AFROSPANIA AIR LINK, LTD., a foreign corporation, AFROSPANIA LOGISTICS, INC., a Texas corporation, and ROBERT LOVELESS docket number 302CV2274WWE;  and that FLIGHTLINE, S.L., BUCANAIR, S.L., and MUSINI, SOCIEDAD

ANÓNIMA DE SEGUROS Y REASEGUROS are the remaining Defendants/Respondents.

5) Petitioner alleges that the Decedent died as a result of the negligence, carelessness and recklessness of all of the Defendants in the above lawsuit, allegations which the Defendants/Respondents vigorously deny;

6) Respondents have agreed to settle, compromise, and release the Petitioner's claims in the underlying litigation in exchange for the payment by the Defendants/Respondents of the sum of Seven Hundred Thousand Dollars ($700,000.00), to be applied and distributed as herein requested, however they elect not to endorse this Order;

7) Decedent left surviving the following, Jacqueline A. Van Slyke, surviving spouse, Laurence James Van Slyke, son, Christopher James Van Slyke, son, and Nicole Marie Van Slyke, daughter, all of whom are over the age of 18 years; and

8) Petitioner has requested that the Court approve this compromise.

And the Court having heard the evidence and being of the opinion that the total compromise offer of Seven Hundred Thousand and 00/100 Dollars ($700,000.00) as damages is fair and reasonable and should be accepted, the Court does hereby ORDER AND ADJUDGE that said compromise be and the same hereby is effected in the above sum to be made payable to the Trust Account of Spohrer Wilner Maxwell & Matthews, P.A., be paid in accordance with the terms set forth herein and, be held prior to disbursement in the Trust Account of Spohrer Wilner Maxwell & Matthews, P.A.

It appearing that Riscassi and Davis, P.C., Spohrer Wilner Maxwell & Matthews, P.A., Harlan & Flora, Inc. (~~Successor to~~ FORMERLY NAMED Harlan & Flora, P.C.) and Epstein, Sandler & Flora, P.C. are entitled to a reasonable fee for  services rendered herein as attorneys for Plaintiff/Petitioner, and the Court being of the opinion that the sum of Two Hundred Thirty One Thousand and 00/100 Dollars ($231,000.00) is a reasonable fee for such services, the Court ORDERS that the law firm of Riscassi and Davis, P.C., ~~and the law firm of Spohrer Wilner & Matthews, P.A.,~~ be paid their respective fees (4%) ~~and 48%~~ immediately out of this sum out for services rendered. The Court further ORDERS the law firm of Spohrer Wilner Maxwell & Matthews, P.A. to hold in ~~its~~ AN 

(h/f). ~~escrow~~ INTEREST BEARING account attorneys' fees ~~(48%)~~ → the balance of the Spohrer firm, payable to Harlan & Flora, Inc. and Epstein, Sandler & Flora, P.C. until

(h/f). such time as either agreement has been reached or the Court has made a determination of the extent and ~~nature~~ division

(h/f). ~~of the asserted lien~~ for attorneys' fees ~~due Harlan & Flora, Inc.~~

(h/f). It appearing that ~~Riscassi and Davis, P.C., Spohrer Wilner Maxwell & Matthews, P.A., Harlan & Flora,~~ COUNSEL

(h/f). ~~Inc. (Successor to Harlan & Flora, P.C.) and Epstein, Sandler & Flora, P.C.~~ FORMERLY NAMED have incurred costs in the prosecution of the lawsuit referenced in paragraph 4 and the Court being of the opinion that the sum of Twenty Seven Thousand Four Hundred Fifty Six and 08/100 Dollars ($27,456.08) is a reasonable amount for such incurred costs, the Court ORDERS that these law firms be paid this sum out of the settlement for costs incurred.

The Court ORDERS that the balance of said settlement of Four Hundred Forty One Thousand Five Hundred Forty Three and 92/100 Dollars ($441,543.92) be distributed immediately as follows:

  Jacqueline A. Van Slyke, surviving spouse.................................$110,385.98

  Laurence James Van Slyke, son .....................................................$110,385.98

  Christopher James Van Slyke, son.................................................$110,385.98

  Nicole Marie Van Slyke, daughter..................................................$110,385.98

It is hereby ORDERED that all of the above payments from the settlement proceeds are in full and final settlement of the pending lawsuit.

This ORDER may be executed in counterparts (duplicate originals), each of which shall be deemed to be an original when executed and delivered, and all of which shall be deemed to be one instrument.

(h/f). ~~All matters in controversy having been settled, the Court directs the Clerk to file the papers in this matter among the ended causes.~~

ENTERED:

_____
Judge   John C. Morrison, Jr., Judge

_____
Date

WE ASK FOR THIS:

3 of 5

COPY TESTE:
GEORGE E. SCHAEFER, CLERK
NORFOLK CIRCUIT COURT
BY: _____
Maurio Anderson, Deputy Clerk
Authorized to sign on behalf
of George E. Schaefer
Date: 10/26/04

*[signature: Jacqueline A Van Slyke]*
JACQUELINE A. VAN SLYKE, Individually,
on her own behalf as surviving spouse of
JAMES E. VAN SLYKE, and as Administratrix
of the ESTATE OF JAMES E. VAN SLYKE

*[signature: Nicole Van Slyke]*
NICOLE VAN SLYKE
Daughter of JAMES E. VAN SLYKE, deceased

_____
CHRISTOPHER VAN SLYKE
Son of JAMES E. VAN SLYKE, deceased.

*[signature]*
LAURENCE VAN SLYKE
Son of JAMES E. VAN SLYKE, deceased.

*[signature]*                                                    *[signature: Hunter W. Sims]*
John M. Flora, Esq.                                              HUNTER W. SIMS, JR.
EPSTEIN, SANDLER & FLORA, P.C.                                   KAUFMAN + CANOLES P.C.
413 West York Street                                             150 W. MAIN STREET
Norfolk, VA, 23510                                               NORFOLK, VA  23510
757/627-8900
*Attorney for Plaintiff/Petitioner*                              attorney for Harlan & Flora, dm

in this matter among the ended causes.

        ENTERED this _____ day of _____, 2004.

                                                          _____
                                                          Judge

WE ASK FOR THIS:

_____

JACQUELINE A. VAN SLYKE, Individually,
on her own behalf as surviving spouse of
JAMES E. VAN SLYKE, and as Administratrix
of the ESTATEOF JAMES E. VAN SLYKE

_____

NICOLE VAN SLYKE
Daughter of JAMES E. VAN SLYKE, deceased

_____

CHRISTOPHER VAN SLYKE
Son of JAMES E. VAN SLYKE, deceased.

_____

LAURENCE VAN SLYKE
Son of JAMES E. VAN SLYKE, deceased.

_____

John M. Flora, Esq.
EPSTEIN, SANDLER & FLORA, P.C.
413 West York Street
Norfolk, VA, 23510
757/627-8900
Attorney for Plaintiff/Petitioner

4

SEEN:

**REFUSED TO SIGN**
_____
Attorney for Defendants
Diane Westwood Wilson
CONDON & FORSYTH LLP
685 Third Avenue
New York, N.Y. 10017
212/894-6780
*Attorney for Defendants/Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Filing Order Approving Wrongful Death Settlement was served by First Class Mail this 22nd day of November 2004 upon:

>Robert Spohrer, Esq.
>Edward Booth, Jr., Esq.
>SPOHRER WILLNER MAXWELL & MATTHEWS, P.A.
>701 W. Adams Street
>Jacksonville, Florida 32204
>(904) 354-8310
>
>John Flora, Esq.
>EPSTEIN SANDLER & FLORA, P.C.
>413 West York Street
>Norfolk, Virginia 23510
>(757) 627-8900
>
>Attorneys for Plaintiffs Jacqueline A. Van Slyke

The addresses designated by the parties for that purpose.

_____
Steven C Rickman